UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, <br><br> Plaintiff, <br><br> v. <br><br> JARED ULRICK, DYLAN LaROWE, and JOSHUA CARPENTER, <br><br> Defendants. | CAUSE NO. 1:24-CV-428 DRL-SJF |

OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Herzog is detained at the DeKalb County Jail on a charge of murder and violating his probation in another case. *See State v. Herzog*, No. 17D02-2405-MR-000002 (DeKalb Super. Ct. filed May 30, 2024); *State v. Herzog*, No. 17D02-2109-F1-000006 (filed Sept. 1, 2021), available at mycase.in.gov. He alleges that when he was booked into the DeKalb County Jail on May 23, 2024, he was placed immediately on administrative

protective custody for two weeks.[1] While he was there, he had restricted access to television, tablet time, and commissary; he was housed with inmates who were there for disciplinary reasons; and he was allowed out of his cell for only one hour a day. Then, after just 30 days in a regular block, he was put back on administrative protective custody. When Mr. Herzog questioned why, Corporal Urbina told him Corporal Dylan LaRowe made the decision. When he was there, they took his commissary and gave him a "petty writeup" for "keeping state food." ECF 8 at 2. This writeup caused him to spend another two weeks in disciplinary/protective custody.

After this, Mr. Herzog says he didn't cause anymore issues until he got a bunkie he "had issues with." ECF 8 at 2. Nonetheless, the jail commander at the time, Jared Ulrick, put that inmate in his cell. Mr. Herzog wrote several requests to be moved, and after the third request Jail Commander Ulrick and several other jail officers came and did a "routine shakedown." ECF 8 at 3. When it was over, Mr. Herzog was told to go back to his cell, but he refused to enter because the other inmate was already there. When Mr. Herzog refused to enter, Jail Commander Ulrick ordered that Mr. Herzog be taken to "the hole" for another two weeks. ECF 8 at 3. Mr. Herzog alleges that when he was there, he was subjected to another inmate spraying bodily fluids on him, but the officers did not

---

[1] Mr. Herzog also complains that when he entered the jail, he was not given the Ensure drinks that he had been prescribed, and this caused him to lose weight. The court does not discuss this further because this issue is not part of the same transaction or occurrence as the events that gave rise to his stays in protective custody, and he provides no other basis to include both claims in the same lawsuit. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (discussing limits on the types of claims that can be brought in a single lawsuit).

do anything to stop it. Mr. Herzog sues Corporal LaRowe, former Jail Commander Jared Ulrick, and current Jail Commander Joshua Carpenter for damages.

Because Mr. Herzog is a pretrial detainee, his claim must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Mulvania*, 850 F.3d at 856 (quoting *Bell*, 441 U.S. at 538–39).

This prohibition on punishing pretrial detainees means that there are restrictions on when a pretrial detainee may be placed in segregation. "A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). But there are reasons other than punishment that a pretrial detainee might be placed in segregation, such as protective custody, maintaining jail security, suicide watch, or other managerial decisions. *See id.* In those situations, a pretrial detainee is not entitled to due process before being placed in segregation. *Id.* The limit, instead, is the reasonableness of the jail officials' actions—that is whether the placement is "reasonably related to a legitimate goal." *Zarnes v. Rhodes*, 64 F.3d 285, 291 (7th Cir. 1995) (quoting *Bell*, 441 U.S. at 539). Thus, the placement could become unreasonable if the administrative

reason for segregating the inmate had passed but he was still segregated, *see Miller v. Dobier*, 634 F.3d 412, 415 (7th Cir. 2011), or if the conditions in segregation are particularly harsh and last for a constitutionally significant period of time, *see McCoy v. Atherton*, 818 F. Appx. 538, 541 (7th Cir. 2020). At that point, an inmate's continued segregation is subject to due process protections.

Here, Mr. Herzog details three separate periods in which he was held in segregation: (1) a two-week period when he was first booked into the jail on May 23, 2024; (2) two weeks in July 2024 when he was placed in administrative protective custody and received a writeup; and (3) an undisclosed length of time after he refused to enter his cell because he had a conflict with his bunkie. The complaint does not plausibly allege that any of these instances were done for purposes of punishment.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (quotations and brackets omitted).

As to the first period of segregation, Mr. Herzog provides no basis to reasonably infer that he was placed there as punishment. Without any facts to suggest otherwise, it is implausible to infer that the jail officials had a reason to punish him immediately upon

his admittance to the jail. Rather, it is more plausible that he was placed there for administrative purposes to house him securely while they found an appropriate placement for him within the jail. Based on what is alleged in the complaint, the court cannot infer that two weeks was an unreasonably long time for this purpose.

The circumstances surrounding the second period of segregation in July 2024 are unclear. Mr. Herzog says he received a writeup for "keeping state food," but he does not say whether that alleged violation occurred before or after he was placed in segregation. ECF 8 at 2. Nor does he say how that writeup was resolved. It is constitutionally permissible to place him in administrative segregation for a short time pending a hearing on a writeup.

Mr. Herzog provides more information about the third period of segregation in copies of grievances he sent to the court. Mr. Herzog submitted a grievance on August 25, 2024, asking why he was placed on administrative protective custody. He was told that he was placed on protective custody for his own safety because "you informed your mother of an altercation that was inevitable when a certain inmate got moved there." ECF 10 at 1. Placing a pretrial detainee in segregation for his own safety is a permissible reason that does not need a hearing, and there are no allegations that he was there for an unreasonable amount of time.

Finally, the allegations concerning Mr. Herzog being sprayed with another inmate's bodily fluids are vague as to what happened, whether any jail officer had notice of the potential for an attack, and what steps jail officers took after Mr. Herzog was sprayed. Without more information, no further comment is needed.

5

This complaint does not state a claim for which relief can be granted. If Mr. Herzog believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which the court will send him and which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DISMISSES WITHOUT PREJUDICE the claim associated with the denial of Ensure drinks as improperly joined;

(2) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and send it to Coltin Drew Herzog;

(3) GRANTS Coltin Drew Herzog until **January 15, 2025**, to file an amended complaint; and

(2) CAUTIONS Coltin Drew Herzog if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

6

SO ORDERED.

December 10, 2024                               *s/ Damon R. Leichty*
                                                Judge, United States District Court