UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, <br><br> Plaintiff, <br><br> v. <br><br> JARED ULRICK, DYLAN LaROWE, and JOSHUA CARPENTER, <br><br> Defendants. | CAUSE NO. 1:24-CV-428 DRL-SJF |

OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint about three separate periods in which he was held in segregation as a pretrial detainee in the DeKalb County Jail. ECF 5. The court determined that the complaint did not state a claim because Mr. Herzog did not plausibly allege that he was placed in segregation as punishment, rather than for administrative reasons, or that his placements in segregation were unreasonable under the circumstances. ECF 13. He has filed an amended complaint that provides more detail about those placements.[1] ECF 17.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

---

[1] After this amended complaint was filed, Mr. Herzog submitted another amended complaint, stating that he believed that the court did not receive the first amended complaint and thought that the case was dismissed in an order by Magistrate Judge Frankel. ECF 21, ECF 22. He asked the court to reopen this case. ECF 21. Mr. Herzog was mistaken. Judge Frankel's order did not dismiss the case; rather, it struck discovery requests because discovery cannot begin in this case unless Mr. Herzog files a complaint that the court determines states a claim. ECF 15. Because this second amended complaint (ECF 22) does not add any new information, the court will strike it and screen the first amended complaint (ECF 17) that Mr. Herzog originally submitted.

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As a pretrial detainee who has not been convicted of a crime, Mr. Herzog cannot be "punished" by jail staff.[2] *See Kingsley v. Hendrickson*, 576 U.S. 389, 400–01 (2015). Thus, there are restrictions on when Mr. Herzog may be placed in segregation. "A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). But there are reasons other than punishment that a pretrial detainee might be placed in segregation, such as protective custody, maintaining jail security, suicide watch, or other managerial decisions. *See id.* In these situations, a pretrial detainee is not entitled to due process before being placed in

---

[2] Mr. Herzog was booked into the DeKalb County Jail on a charge of murder. *See State v. Herzog*, No. 17D02-2405-MR-000002 (DeKalb Super. Ct. filed May 30, 2024), available at mycase.in.gov. Then, on May 31, 2024, a petition to revoke his probation in another case was filed. *See State v. Herzog*, No. 17D02-2109-F1-000006 (filed Sept. 1, 2021), available at mycase.in.gov. The Seventh Circuit has not yet decided whether claims by a pretrial detainee who is also on a probation hold fall under the Eighth Amendment or the Fourteenth Amendment. *See Barbuto v. Ronquillo-Horton*, No. 22-C-569, 2024 WL 4056617, 3–4 (E.D. Wis. Sept. 5, 2024) (discussing the issue). Under the Eighth Amendment, Mr. Herzog has no liberty interest in avoiding these short-term placements in segregation and his complaint would not state a claim for relief. *See Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013) (prisoner who was in segregation for six months did not allege a liberty interest, because "relatively short terms of segregation rarely give rise to a prisoner's liberty interest, at least in the absence of exceptionally harsh conditions"); *Smith v. Akpore*, 689 F. App'x 458, 459-60 (7th Cir. 2017) (no liberty interest in four months' combined investigative and disciplinary segregation). For purposes of this screening order, the court will apply the more lenient Fourteenth Amendment standard.

segregation. *Id.* The limit, instead, is the reasonableness of the jail officials' actions—that is whether the placement is "reasonably related to a legitimate goal." *Zarnes v. Rhodes*, 64 F.3d 285, 291 (7th Cir. 1995) (quoting *Bell v. Wolfish*, 441 U.S. 520, 539 (1979)). Thus, the placement could become unreasonable if the administrative reason for segregating the inmate had passed but he was still segregated, *see Miller v. Dobier*, 634 F.3d 412, 415 (7th Cir. 2011), or if the conditions in segregation are particularly harsh and last for a constitutionally significant period of time, *see McCoy v. Atherton*, 818 F. App'x 538, 541 (7th Cir. 2020). At that point, a pretrial detainee's continued segregation is subject to due process protections.

The first period of segregation occurred soon after Mr. Herzog entered the jail on a murder charge on May 23, 2024. Based on the amended complaint and the grievances Mr. Herzog submitted (ECF 10), he was placed in Admin PC from approximately May 30, 2024 through June 13, 2024, because the grandfather of Mr. Herzog's alleged victim was also in the jail. Mr. Herzog asserts, though, that the length of the detention in segregation was unreasonable because he says he learned that his alleged victim's grandfather had left the day after he was moved to Admin PC, but he remained there for nearly two more weeks.

These facts do not plausibly allege a due process violation. The jail had a legitimate, non-punitive reason for placing Mr. Herzog in Admin PC. Although Mr. Herzog claims that he should have been moved sooner, the precise details regarding when the risk to his safety abated and the appropriate timing regarding a bed move are not matters for a federal court to scrutinize, given the relatively short period of time

3

Mr. Herzog was in Admin PC. The law cautions the "very limited role that courts should play in the administration of detention facilities." *Block v. Rutherford*, 468 U.S. 576, 584 (1984). Due process does not require that the jail act immediately once the risk to Mr. Herzog is alleged to have passed.

The second period of segregation occurred a few weeks later in the beginning of July 2024 based on information learned in a phone call between Mr. Herzog and his mother. He told her he thought he was going to get in a fight when a certain inmate arrived and so he might possibly be going to disciplinary.[3] ECF 17 at 2; ECF 10 at 1. The morning after this phone call, he moved to Admin PC on Corporal LaRowe's orders.

Mr. Herzog alleges that Corporal LaRowe put him on Admin PC not as a form of safety but as a form of punishment and harassment based on personal animus. ECF 17-1 at 1. He explains that the two of them went to high school together, and even back then Corporal LaRowe would pick on him and harass him because of his autism. Corporal LaRowe's personal feeling towards Mr. Herzog, however, do not negate the jail's legitimate, non-punitive reason for placing Mr. Herzog in Admin PC. Putting Mr. Herzog in Admin PC to prevent a fight is reasonably related to the jail's legitimate interest in the safety and security of the facility. Whether Corporal LaRowe had personal reasons for the decision as well does not change that.

---

[3] In the prior screening order, the court attributed this reasoning to the third period of segregation. ECF 13 at 5. But the amended complaint clarifies the dates in which these events occurred, and when Mr. Herzog submitted that grievance on August 25, 2024, his third period of segregation had not yet occurred, so the grievance must refer to the second period.

4

The third period of segregation occurred at the end of August 2024 and into the beginning of September 2024. Mr. Herzog alleges he began having problems with his bunkie and wanted to be moved. He told jail officers that if he and his bunkie continued to be housed together, there would be violence. This culminated in an incident where Mr. Herzog and his bunkie were removed from their cell while it was being searched, and then Mr. Herzog refused to go back into the cell with his bunkie. He was punished by getting a controlling-housing rule violation and received two weeks in disciplinary.

It is permissible for a jail to place a pretrial detainee in segregation for a rule violation after a disciplinary hearing. *See Higgs*, 286 F.3d at 438. Mr. Herzog does not challenge the adequacy of the hearing. Instead, it appears he is claiming the violation was improper because he was "entrapped" by being ordered to enter a cell after telling officers that he and his bunkie were going to fight. ECF 17-1 at 2; ECF 10 at 3-4. He contends he was thus forced to break a rule. However, freedom from "entrapment" is not a recognized due process protection under *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Cf. Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 865 (7th Cir. 2004) (noting "entrapment is an affirmative defense in a criminal case, not a cause of action under [42 U.S.C.] § 1983" and entrapment violates substantive due process only in rare "instances where law enforcement conduct violates fundamental fairness, shocking to the universal sense of justice" (quotation marks omitted)). *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 865 (7th Cir. 2004). Mr. Herzog's assertion of entrapment does not provide a basis for this claim to proceed.

5

Finally, Mr. Herzog describes an incident that occurred on September 9, 2024, during his third period of segregation, in which he and his cellmate were subjected to a neighboring inmate spraying them with bodily fluids. He complains that the inmate who sprayed him was not formally prosecuted by the DeKalb County Jail or otherwise punished for his actions.

Mr. Herzog has no right to demand that jail officials investigate that incident after it happened. "There is no affirmative duty on police to investigate." *Whitlock v. Brueggemann*, 682 F.3d 567, 588 (7th Cir. 2012) (citing *Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005)); *see also Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015) ("We note at the outset that Rossi does not have a constitutional right to have the police investigate his case at all, still less to do so to his level of satisfaction."). Therefore, any alleged deficiencies in punishing the other inmate for his actions does not affect Mr. Herzog's constitutional rights.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, the court STRIKES the second amended complaint (ECF 22) and DISMISSES this case under 28 U.S.C. § 1915A for failure to state a claim.

SO ORDERED.

February 3, 2025                                  *s/ Damon R. Leichty*
                                                  Judge, United States District Court